UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>PRESTON JOEL MAYS,<br><br>            Defendant. | No.  2:95-cr-00143-GEB-GGH-2<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE** |

        On November 7, 2014, and January 5, 2015, Defendant Preston Joel Mays filed, in pro per, what appear to be identical motions for the modification of his sentence under 18 U.S.C. § 3582(c)(2). (ECF Nos. 177, 178.) In essence, Defendant argues Amendment 782 to the Sentencing Guidelines[1] and his favorable post-sentencing conduct justify a reduction of his sentence.

        The government rejoins that "[D]efendant does not qualify for a sentence reduction[,]" arguing:

> To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), [D]efendant must show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Wesson, 583

---

[1] "Amendment 782, which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the [base] offense level applicable to many drug offenses, became effective on November 1, 2014. Moreover, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously-sentenced defendants." United States v. Viengkham, No. 1:11-cr-00052-MCE-4, 2015 WL 273314, at *1 (E.D. Cal. Jan. 21, 2015).

> F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)).
>
> . . . .
>
> Under the current version of § 2D1.1, [the amount of methamphetamine (actual) attributed to the defendant,] 2.49 kilograms[,] . . . results in [the same Base] Offense Level of 36. U.S.S.G. § 2D1.1(c)(2) (setting Base Offense Level of 36 for offense involving drug quantity between 1.5 and 4.5 kilograms of methamphetamine (actual)). Thus, this defendant's base offense level is unaffected by Amendment 782 and, consequently, his guideline range of 360 months to life remains the same today as at it was during his original sentencing.

(Gov't Opp'n 3:2-3, 3:8-25, ECF No. 181.)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007)).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Id. (quoting 18 U.S.C. § 3582(c)(2)).

The Sentencing Commission policy statement relevant to this case prescribes: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the relevant] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §

2

1B1.10(a)(2).

Here, the Presentence Report recommended a base offense level of 36 using the 1995 edition U.S.S.G. § 2D1.1 based upon an amount of methamphetamine (actual) of 2,493.3 grams, or 2.49 kilograms. (PSR ¶ 12.) Under the amended Drug Quantity Table, the base offense level for this amount of methamphetamine (actual) is still 36. U.S.S.G. § 2D1.1(c)(2) (setting Base Offense Level of 36 for offense involving drug quantity between 1.5 and 4.5 kilograms of methamphetamine (actual)). "Because [Amendment 782] does not result in a different sentencing range [in this case], the defendant is not eligible for a sentencing reduction pursuant to Section 3582(c)(2)." United States v. Gonzalez, No. 1:94-CR-5011 LJO, 2015 WL 854206, at *1 (E.D. Cal. Feb. 26, 2015). Therefore, Defendant's motions for reduction of sentence are DENIED.

Dated: September 14, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge